**EHRMAN v. UNITED STATES et al.**
Civil Action No. 3815.

District Court, E. D. New York.
Aug. 31, 1944.

Samuel Shapiro, of New York City, for plaintiff (opposed).

Tibbetts, Lewis, Lazo & Welch, of New York City, for defendant Bernard R. Armour (for the motion).

BYERS, District Judge.

The defendant Armour seeks an order directing service of an amended complaint to conform to the requirements of Rule 8, Subdivision (e) of Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, and for a more definite statement or bill of particulars pursuant to Rule 12, Subdivision (e), to enable the said defendant to answer.

Subdivision (f) of Rule 8 requires that all pleadings be construed so as to do sub-stantial justice, and the complaint has been examined in the light of that admonition.

There are two claims for relief, the first of which is addressed to Armour and the Carbonic Ice & Chemical Corporation only. The recital is of the appointment of the plaintiff as Receiver of Allied Industrial Alcohol Corporation in proceedings supplementary to a judgment recovered against it by one Soicher in the sum of $3,000.00 representing instalments of interest on $10,-000.00 of debentures issued by the said corporation.

Obviously if the matters later to be referred to can be established on the trial, corporate property may be reinstated in the corporation of which the plaintiff is Receiver, whereby the debentures might have a value.

The first claim for relief recites the ownership of certain real estate on the part of the said corporation and the machinery and equipment, the value thereof, and the amount of mortgage covering the real estate and certain of the personal property.

These are all matters that can be either admitted or denied.

It is then alleged that the defendant Armour owned a majority of the stock of the said corporation, and caused a majority of the directors thereof to be elected, and that they continued in office.

So much can be either admitted or denied, including the allegation that the said directors were subservient to his dictates.

Then follows an allegation that during the years 1938 to 1942, inclusive, Armour and others conspired to strip the said corporation of property to its own injury and that of creditors by a series of transactions that are set forth in detail.

No reason is observed why those various steps separately stated in paragraph 11 and lettered a to p, inclusive, cannot be admitted or denied.

Paragraph 12 alleges that "thereafter" (as to that a bill of particulars of the approximate date would be appropriate) the said defendants "converted and appropriated to themselves all of the Allied real estate and personal property aforesaid; and defendants have publicized and otherwise advertised that defendant Carbonic was the owner thereof".

No reason is observed why that cannot be admitted or denied.

■ Paragraph 13 alleges that a loan of $500,000.00 was applied for, and as to that particulars should be furnished, even though the relevancy of the allegation is not apparent.

■ Paragraph 14 alleges that, "by reason of the various things which the defendants caused to be done, as aforesaid, the Allied real estate, its machinery and equipment, as aforesaid, excepting that portion thereof referred to in paragraph 18 hereof, and its other assets have been rendered worthless".

That is not an allegation of fact, but a mere conclusion, and can be safely denied.

■ The second claim for relief is addressed to the said defendants and to the United States of America, and alleges that judgments were recovered by the Irving Trust Company against the Allied in 1938, to recover for loans the repayment of which was assured to the defendants by the United States of America; that in September, 1942, the United States of America, through the War Production Board, requisitioned part of the Allied machinery and equipment, and that the plaintiff has filed with the said United States of America a proof of claim for compensation for such requisitioned property, by reason of the facts above referred to, and that in April of 1943 the United States of America determined that the fair value of the requisitioned property was upwards of $80,000.00, but that there was a dispute concerning ownership of the property, pending the determination of which the said sum is being withheld.

As to all of these allegations, it would seem open to the defendant Armour to deny knowledge or information sufficient to form a belief, if he should be so advised.

■ Paragraph 21 asserts that the plaintiff has a lien on said fund, as has the United States of America, which liens are prior and superior to the liens and claims of other persons.

Paragraph 22 alleges that the defendants named are the only claimants to the said fund.

The foregoing can be admitted or denied. or there may be a denial of information and belief.

The demands for relief against defendants Armour and Carbonic are: That the conveyances be declared void and be set aside to the extent necessary to satisfy the plaintiff's claim; that the conveyed property or any other property of the Allied may be subjected to the liens of plaintiff's claims; that the defendants be enjoined from making conveyance or other disposition of any of the said property of the Allied; and a money judgment in the sum of $13,000.00 with interest is asked, which is of course difficult to reconcile with the amount of the judgment in connection with which the plaintiff was appointed; and as against the United States of America that the amount of the plaintiff's judgment be declared to be a first lien on said fund.

■ No reason is observed why the defendant Armour cannot plead to that complaint, but a bill of particulars will be ordered with respect to the matters above indicated. The prayer for relief is perhaps more comprehensive than it need be, but it is sufficient to enable the plaintiff to secure whatever relief the evidence may warrant, if indeed the corporate property in whole or in part has been illegally diverted.

■ The affidavit upon which the motion is based is not deemed to comply with the provision of Rule 12, Subdivision (e), which requires that "The motion shall point out the defects complained of and the details desired".

Accordingly the motion is denied except as indicated. Settle order.